LAWRENCE v. BOX & LEEDIKER et al.
(No. 5494.)

(Court of Civil Appeals of Texas. San Antonio.
June 3, 1915.)

APPEAL AND ERROR ⊙⟿150—RIGHT TO COM-
PLAIN—INTEREST IN SUBJECT-MATTER—DE-
POSITS FOR COLLECTION—EFFECT.

A banker with whom a voucher issued
by a school district had been deposited for
collection and who, when payment had been
refused, deducted the amount thereof from the
depositer's account, cannot complain of a judg-
ment wherein the school district, which issued
the voucher, was garnished.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 934–946; Dec. Dig. ⊙⟿
150.]

Appeal from Houston County Court; C. M.
Ellis, Judge.

Action by Box & Leediker against one
Broxson, in which the Rockland School Dis-
trict was garnished. K. D. Lawrence was
impleaded by the School District, and from
a judgment for plaintiff, the impleaded de-
fendant appeals. Affirmed.

John I. Moore, of Crockett, for appellant.
Adams & Young, of Crockett, for appellees.

FLY, C. J. Appellees obtained a judgment
for $180 against one Broxson, and appellees
obtained a writ of garnishment against the
trustees of Rockland School District, the
county superintendent of schools, and appel-
lant. The trustees answered that they had
employed Broxson to build a schoolhouse;
that he had not completed the house and, at
Broxson's request, they had employed Box
& Leediker to complete the house at a cost
of $44.57; that they had paid Broxson all
the money due on the house except $333.50;
that a voucher had been given Broxson for
that amount, which was presented by K. D.
Lawrence and payment refused, and they
prayed that Lawrence be made a party. In
the justice's court judgment was for the gar-
nishees, but on appeal to the county court
appellees obtained judgment for $246.07.
This appeal is prosecuted by appellant alone.

Appellant bases his claim to the money on
the grounds that a board of school trustees
is not subject to garnishment, and that the
voucher was negotiable paper and that he
was an innocent purchaser for value of the
voucher. The facts show that Broxson owed
appellant, who owned a bank, the sum of
$300; that Broxson kept his bank account
with appellant; that Broxson obtained a
voucher for $333.50 from the school trustees,
and indorsed it for collection to appellant,
who credited his account with the same.
Payment of the voucher was refused, and
appellant then charged the account with
$333.50, the amount of the voucher. Appel-
lant did not credit the amount of the voucher
on the note and did not hold it as collateral
security for the note, but it was placed with
appellant for collection to be placed as a de-
posit on Broxson's account. Appellant owned
no interest whatever in the voucher, and he
is not in a position to complain of anything
the court may have done. He has no right
or authority to complain because the school
trustees were served with a writ of garnish-
ment.

The judgment is affirmed.